UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

RAYMOND CERILLI,
  Petitioner

2004 JAN 16  P 6: 44

v.

DISTRICT COURT
HARTFORD CT

PRISONER
Civil No. 3:03 CV 340 (CFD)

WARDEN RODRIGUEZ,
  Respondent

### RULING AND ORDER

The petitioner is an inmate at the Corrigan Correctional Institution in Uncasville, Connecticut. He brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition for a writ of habeas corpus is transferred to the United States Court of Appeals for the Second Circuit.

On December 3, 1990, a jury in the Connecticut Superior Court for the Judicial District of New Haven found the petitioner guilty of kidnapping in the first degree in violation of Conn. Gen. Stat. § 53a-92(a)(2)(A), sexual assault in the first degree in violation of Conn. Gen. Stat. § 53a-70, attempt to commit sexual assault in the first degree in violation of Conn. Gen. Stat. §§ 53a-70 and 53a-49(a)(2), risk of injury to a minor in violation of Conn. Gen. Stat. § 53-21, and failure to appear in the first degree in violation of Conn. Gen. Stat. § 53a-172. In January 1991, the trial court sentenced the petitioner to a term of imprisonment of fifty-three years. On June 4, 1992, the Connecticut Supreme Court affirmed the conviction. See State v. Cerilli, 222 Conn. 556, 585, 610 A.2d 1130, 1144 (1992).

The petitioner subsequently filed a petition for writ of habeas corpus in this court raising three arguments. See Cerilli v. Barbieri, Case no. 3:95cv383 (PCD) (D. Conn. Aug. 1, 1997). The

1

petitioner was represented by counsel in that action. On July 15, 1997, Magistrate Judge Margolis issued a recommended ruling granting the respondent's motion for summary judgment on the merits. Judge Dorsey approved and adopted the ruling on August 1, 1997. See Cerilli v. Barbieri, Case no. 3:95cv383 (PCD) (recommended rul. cross-mot. summ. j. July 15, 1997, approved and adopted Aug. 1, 1997) (D. Conn. Aug. 1, 1997). On February 3, 1998, the Court of Appeals for the Second Circuit dismissed the petitioner's appeal of the ruling on the motions for summary judgment. See Cerilli v. Barbieri, Case no. 3:95cv383 (PCD) (mandate dismissing appeal). On December 14, 1998, the United States Supreme Court denied the petitioner's writ of certiorari. See Cerilli v. Barbieri, 525 U.S. 1057 (1998).

In December 1997, the petitioner filed a state habeas petition. That petition remains pending. The petitioner filed the present federal petition for writ of habeas corpus on February 26, 2003, and amended the petition on July 29, 2003. The petitioner raises new issues that were not included in the prior federal petition. However, these issues could have been raised in the earlier petition. In addition, petitioner's prior federal petition was decided on the merits.

Without discussing the merits of the present petition, the petition must be transferred to the Court of Appeals for the Second Circuit. On April 24, 1996, President Clinton signed into law significant amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255, the sections of the United States Code which govern habeas corpus proceedings in federal courts. These amendments, part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), include extensive changes in the standards and procedures federal courts are to apply when faced with a second or successive habeas corpus petitions under 28 U.S.C. § 2254. Pursuant to these amendments, 28 U.S.C. § 2244 now requires individuals who seek to file a second or successive

habeas corpus petition to obtain leave of the appropriate court of appeals for an order authorizing the district court to consider such second or successive application. 28 U.S.C. § 2244(b)(3)(A).

In Liriano v. U.S., 95 F.3d 119, 122-23 (2d Cir. 1996), the Second Circuit discussed the procedure to be followed when a second or successive petition for habeas corpus is filed by a state prisoner and is unaccompanied by the required § 2244(b)(3) motion. The Court held that:

> [W]hen a second or successive petition for habeas corpus relief is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631.

Id. A petition is "successive" when a prior petition has been adjudicated on the merits or when it raises a claim that was, or could have been, raised in an earlier petition. James v. Walsh, 308 F.3d 162, 167-68 (2d Cir. 2002); Littlejohn v. Artuz, 271 F.3d 360, 362-63 (2d Cir. 2001); Carrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998).

The present petition is a second or successive one within the meaning of 28 U.S.C. § 2244 and has not been authorized as required. Because the petitioner has previously filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254, and he has failed to provide any evidence that he filed a motion with the Second Circuit authorizing this Court to consider the present application, the present petition for writ of habeas corpus must be transferred to the Court of Appeals for the Second Circuit in accordance with Liriano v. U.S., 95 F.3d 119 (2d Cir. 1996).

Accordingly, this action is transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631 for the reasons stated above.

SO ORDERED this 16th day of January 2004, at Hartford, Connecticut.

_____
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE